IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PROGRESS RAIL SERVICES CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **8:05CV98** |
| vs. | ) ) | **ORDER** |
| **WESTERN HERITAGE CREDIT UNION** and **DAVID G. BRADFORD,** | ) ) ) | |
| **Defendants.** | ) ) | |

This matter is before the court on the plaintiff's Motion for Leave to File Second Amended Complaint (Filing No. 38). The plaintiff attached to the motion an unsigned copy of the proposed amended complaint, in compliance with NECivR 15.1(a). **See** Filing No. 38, Exhibit B. The defendant Western Heritage Credit Union (Western Heritage) filed a brief (Filing No. 40) in opposition to the motion. The plaintiff filed a reply brief (Filing No. 41). The defendant David Bradford (Bradford) did not participate in the briefing of the motion.

The plaintiff seeks to amend the complaint to include additional damage amounts and that Western Heritage had knowledge of the subject transactions earlier than the plaintiff previously thought. The amendments arise from the same conduct and transactions the plaintiff alleges in the earlier pleadings. The deadline to amend pleadings was September 1, 2005. **See** Filing No. 11. However, the plaintiff states it did not learn the information supporting the amendments until late January 2006. The plaintiff states the amendment would render moot Western Heritage's Motion for Judgment on the Pleadings (Filing No. 27).

Western Heritage "does not object to Plaintiff's request to file a Second Amended Complaint. In fact, counsel for [Western Heritage] agreed to stipulate to Plaintiff's Motion for Leave." **See** Filing No. 40. However, Western Heritage wishes to rebut some allegations and implications made in the motion, itself, related to the process of discovery. Also, Western Heritage denies its dispositive motion is rendered moot. Western Heritage

seeks to have the original motion applied equally to the Second Amended Complaint or to be allowed leave to file an amended motion for judgment on the pleadings. The plaintiff counters it did not mean to imply wrongdoing, but merely to explain the timing of the motion. Further, the plaintiff contends the filing of an amended pleading would render moot the earlier filed dispositive motion and require subsequent re-filing.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, "such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment -- leave to amend should be granted." **Brown v. Wallace,** 957 F.2d 564, 566 (8th Cir. 1992) (quotes and cites omitted). "[W]here a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate 'good cause' under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." **Anderson v. Board of School Com'rs of Mobile County, Ala.**, 78 F. Supp. 2d 1266, 1268-69 (S.D. Ala. 1999) (**citing Sosa v. Airprint Sys., Inc.**, 133 F.3d 1417, 1418 (11th Cir. 1998). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." **In re Milk Products Antitrust Litigation**, 195 F.3d 430, 437-38 (8th Cir. 1999) (**quoting Sosa**, 133 F.3d at 1419). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" **Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). There is no opposition to the motion to amend and the plaintiff has shown good cause for seeking amendment after the deadline had expired. Accordingly, leave will be granted. Further, because an amended pleading supersedes all prior pleadings (NECivR 15.1(a)), Western Heritage is required to file a fresh motion for judgment on the pleadings, if applicable. The defendants will have an opportunity to seasonably respond to the Second Amended Complaint.

In addition to the motion to amend, on January 20, 2006, the parties filed a joint motion for entry of a protective order (Filing No. 37). The proposed protective order is deficient because it does not provide sufficient specificity with regard to the proposed protected materials to show good cause under Federal Rule of Civil Procedure 26(c). Accordingly, the motion for a protective order will be denied, without prejudice. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Leave to File Second Amended Complaint (Filing No. 38) is granted.

2. The plaintiff shall have to **on or before March 7, 2006**, to file the Second Amended Complaint.

3. The defendants shall have to **on or before March 21, 2006**, to file an answer or otherwise plead in response to the Second Amended Complaint under Federal Rule of Civil Procedure 12.

4. Western Heritage's Motion for Judgment on the Pleadings (Filing No. 27) is rendered moot.

5. The parties' joint motion for entry of a protective order (Filing No. 37) is denied, without prejudice.

DATED this 23rd day of February, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge