FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

OCT 10 2006

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROGRESS RAIL SERVICES CORPORATION, an Alabama corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN HERITAGE CREDIT UNION, a Nebraska Credit Union, and DAVID G. BRADFORD,<br><br>Defendants. | Case No. 8:05CV98<br><br><br><br><br>STIPULATED PROTECTIVE ORDER |

This matter came before the Court on a Stipulated Motion for Protective Order prepared and submitted by the parties. The Court, having been fully advised as to the circumstances of said Motion, hereby finds that it should be granted.

### STIPULATIONS

The undersigned parties hereby agree to the following for purposes of this Stipulated Protective Order:

1. As used herein:

    a. "Attorney" shall include all partners, associates, paralegals, secretaries and other employees of any attorney representing any Party;

    b. "Confidential Document(s)" shall mean any document, or documents which contain any trade secret, sensitive or proprietary business information, or private financial information pertaining to any Party, or any customer of any Party, so designated by any undersigned party pursuant to Paragraph 2 of this Protective Order, regardless of when Disclosed;

    c. "Consultant" shall mean any expert retained or hired by a Party or Attorney in this case for the purpose of providing expert testimony in the trial of this matter, or for the purpose of assisting a Party or Attorney in any manner in the litigation of this case, and includes in-house experts and/or technical personnel of the Parties;

    d.    "Disclose(d)" shall mean divulged, shown, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated;

    e.    "Disclosing Party" shall mean the Party disclosing a "Confidential Document";

    f.    "Party" shall mean any named Plaintiff or Defendant in this case, including their employees, agents and representatives. The term "Parties" shall collectively refer to the named Parties to this action and their respective employees, agents and representatives;

    g.    "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity, other than a Party; and

    h.    "Witness" shall mean any non-party identified as a witness or potential witness for purpose of providing testimony in the above-captioned matter.

2.    Any Disclosing Party may designate any document, or group of documents in its possession or control, to be "Confidential Documents" subject to the protection of this Stipulated Protective Order by:

    a.    Clearly marking or stamping each such document "CONFIDENTIAL" prior to Disclosure; or

    b.    Notifying each Party in writing, within fourteen (14) days after disclosure, of the designation of each "Confidential Document" previously Disclosed by reasonably identifying each such Confidential Document; or

    c.    Notifying each Party in writing, within fourteen (14) days after this Stipulated Protective Order is entered, of the designation of each "Confidential Document" Disclosed prior to entry of this Stipulated Protect Order, by reasonably identifying each such Confidential Document.

3. Every "Confidential Document" so designated by any Disclosing Party pursuant to Paragraph 2 of this Stipulated Protective Order, shall by agreement be presumed to contain confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c)(7).

4. Confidential Documents Disclosed to any Party shall be used solely for the purpose of prosecuting or defending the above captioned matter and any subsequent appeal.

5. Confidential Documents may be Disclosed to any Witness or Consultant who complies with Paragraph 6 of this Stipulated Protective Order, solely for purpose of assisting any Party in the prosecution or defense of the above captioned matter and any subsequent appeal.

6. No Party or Attorney shall Disclose any Confidential Document, or information contained therein, to any Witness or Consultant, unless and until such Witness or Consultant has: (1) read this Stipulated Protective Order, and (2) has signed the following acknowledgment agreeing to be bound by the Stipulated Protective Order:

> I hereby certify that I have read the Stipulated Protective Order issued in the matter of *Progress Rail Services Corporation vs. Western Heritage Credit Union.*, pending before the United States District Court for the District of Nebraska, Case No. 8:05CV98, and agree to be bound by its terms. I understand that I am being shown "Confidential Documents" subject to the terms of the Stipulated Protect Order and I hereby promise and agree not use or disclose any information contained in any "Confidential Documents" for any purpose unrelated to the aforementioned litigation.

_____    _____
Date                    Signature

Each Attorney or Party shall maintain their own file of such written agreements until this action is fully completed

7. No Party or Attorney shall use or Disclose any Confidential Document, or information contained therein, to any Person not authorized herein.

8. No Party or Attorney shall use or Disclose any Confidential Document, or information contained therein, for any purpose unrelated to this litigation, including but not limited to, any personal, business or competitive purpose.

9. At any deposition during which Confidential Documents will be Disclosed, shown or used, the Disclosing Party shall have the right to demand that every Person in attendance execute an acknowledgment containing language set forth in Paragraph 6 of this Stipulated Protective Order, or be barred from the proceeding for any period that Confidential Documents will be shown. No Confidential Document shall be shown to any Party, Witness or Consultant during any proceeding until every Person in attendance has executed an acknowledgment which complies with Paragraph 6 of this Stipulated Protective Order or has left the room, if so requested by the Disclosing Party.

10. If a Confidential Document is marked or attached by any Party or Attorney during the deposition of any Party, Consultant or Witness, the Disclosing Party shall have the right to: (1) notify the court reporter of the existence and content of this Stipulated Protective Order; (2) direct the court reporter to maintain all Confidential Documents in a sealed envelope; (3) instruct the reporter not to copy any Confidential Document or portion thereof without the express written consent of the Disclosing Party; and (4) instruct the court reporter that no Person should be allowed to review any Confidential Document under seal other than a Party, Attorney or the Court.

11. Any Disclosing Party may request the Court to order that Confidential Documents be kept under seal and that any proceeding regarding Confidential Documents or information contained therein to be conducted before the Court outside the presence of the public.

12. Upon final resolution of the above-captioned matter, including any appeal, writ, or petition for review, each party shall within fourteen (14) days of the final conclusion of the above captioned matter, return to the Disclosing Party all Confidential Documents Disclosed during the course of this litigation, including all internal copies or copies provided to any Witness or Consultant. Each Party shall be entitled to retain one copy of all Confidential Documents Disclosed as part of a permanent litigation file and such Confidential Documents shall remain subject to the confidentiality obligations of this Order.

13. The Parties may modify or waive any provision of this Stipulated Protective Order in writing, without obtaining leave of Court.

14. Any Party, upon good cause shown, may challenge the presumption set forth in Paragraph 3 of this Stipulated Protective Order, or seek relief from any obligation imposed by this Stipulated Protective Order, by filing an appropriate motion with the above-captioned Court.

15. All evidentiary objections with respect to any Confidential Document are expressly reserved and no Party waives any objection to any such Confidential Document by executing this Stipulated Protective Order.

IT IS HEREBY ORDERED that pursuant to the Stipulation of the Parties and Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is entered with respect to the treatment of "Confidential Documents" designated pursuant to this Order according to the terms set forth herein.

Dated this **10th** day of **October**, 2006.

BY THE COURT:

*Thomas D. Thalken*
*U.S. Magistrate Judge*

Stipulated and Agreed to By:

PROGRESS RAIL SERVICES
CORPORATION, Plaintiff

*[signature]*

Michael F. Coyle (#18299)
Jeremy B. Morris (#22694)
FRASER STRYKER MEUSEY OLSON
BOYER & BLOCH, P.C.
409 South 17TH Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Facsimile:   (402) 341-8290

ATTORNEYS FOR PLAINTIFF

WESTERN HERITAGE CREDIT UNION,
Defendant

*[signature]*

Michael S. Degan (#20655) Rebecca B. Gregory #22901
BLACKWELL SANDERS PEPER MARTIN, LLP
1620 Dodge Street, Suite 2100
Omaha, NE 68102
Telephone: (402) 964-5000
Fax: (402) 964-5050

ATTORNEYS FOR DEFENDANT WHCU


DAVID G. BRADFORD, Defendant

*[signature]*

Terry C. Dougherty (#21064)
WOODS & AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, NE 68508
Tel. (402) 437-8500
Fax (402) 437-8558
ATTORNEY FOR DEFENDANT BRADFORD

404384.01